IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EUGENE MARTINEZ, DAVID SILVA, MARIO OLIVAREZ, RUBY MARTINEZ, and SILVIA TREVINO, Plaintiffs, | § § § § § § § | |
| vs. | § | CIVIL ACTION NO. 5:16-cv-00870 |
| SUPERIOR HEALTHPLAN, INC. and CENTENE CORPORATION, Defendants. | § § § § § § § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME PLAINTIFFSS EUGENE MARTINEZ ("E. Martinez"), DAVID SILVA ("Silva"), MARIO OLIVAREZ ("Olivarez"), RUBY MARTINEZ ("R. Martinez"), and SILVIA TREVINO ("Trevino") (collectively referred to as "Plaintiffs"), by and through their undersigned attorneys of record, and file this their Original Complaint against SUPERIOR HEALTHPLAN, INC. ("Superior") and CENTENE CORPORATION ("Centene") (collectively referred to as "Defendants"). For cause of action, Plaintiffs would show unto the Court the following:

**I.
THE PARTIES**

1.  PLAINTIFF EUGENE MARTINEZ is a Texas resident living at 11120 Buttercup, Adkins, Bexar County, Texas 78101.

2.  PLAINTIFF DAVID SILVA is a Texas resident living at 11063 Moonlit Park,

San Antonio, Bexar County, Texas 78249.

3. PLAINTIFF MARIO OLIVAREZ is a Texas resident living at 6629 White Wing Drive, Corpus Christi, Nueces County, Texas 78413.

4. PLAINTIFF RUBY MARTINEZ is a Texas resident living at 11524 Bear Paw Path, San Antonio, Bexar County, Texas 78245.

5. PLAINTIFF SILVIA TREVINO is a Texas resident living at 4450 Aspen Grove Drive, Corpus Christi, Nueces County, Texas 78413.

6. DEFENDANT SUPERIOR HEALTHPLAN, INC. is a for-profit corporation engaged in interstate commerce in the State of Texas and may be served with summons on CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7. DEFENDANT CENTENE CORPORATION is a for-profit corporation engaged in interstate commerce in the State of Texas and may be served with summons on CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8. At all relevant times hereto, Plaintiffs were employees of Defendants, as defined by and within the meaning of 29 U.S.C. § 203(e)(1).

9. At all relevant times hereto, Defendants were the employers of Plaintiffs, as defined by and within the meaning of 29 U.S.C. § 203(d).

10. Defendants employed Plaintiffs in commerce or in the production of goods for commerce.

11. Defendants' business or businesses were organized under unified operation or common control, employed at least two persons engaged in commerce or the production of goods for commerce, and had annual gross sales of at least $500,000.

12. Centene and Superior jointly and severally employed Plaintiffs because they suffered or permitted Plaintiffs to work for them. Centene and Superior shared related and overlapping employment of Plaintiffs. Alternatively, Centene and Superior were the *alter ego* each of the other creating an economic dependence. Plaintiffs were, consequently, employees of both.

## II.
## JURISDICTION

13. Plaintiffs assert claims against Defendants pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), thereby invoking the federal question jurisdiction conferred upon this Court pursuant to 28 U.S.C. § 1331.

## III.
## VENUE

14. Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the San Antonio Division of the Western District of Texas.

## III.
## STATEMENT OF FACTS

15. On or about November 30, 2012, Plaintiff E. Martinez and Superior entered into an Employed Sales Rep and Exclusive Independent Sales Agent Agreement.[1]

16. On or about November 30, 2012, Plaintiff Silva and Superior entered into an

---

[1] See Exhibit 1, Employed Sales Rep and Exclusive Independent Sales Agent Agreement between E. Martinez and Superior, dated November 30, 2012, which is incorporated by reference into this Complaint as if fully set forth herein.

Employed Sales Rep and Exclusive Independent Sales Agent Agreement.[2]

17. On or about November 30, 2012, Plaintiff Olivarez and Superior entered into an Employed Sales Rep and Exclusive Independent Sales Agent Agreement.

18. On or about November 30, 2012, Plaintiff R. Martinez and Superior entered into an Employed Sales Rep and Exclusive Independent Sales Agent Agreement.[3]

19. On or about November 30, 2012, Plaintiff Trevino and Superior entered into an Employed Sales Rep and Exclusive Independent Sales Agent Agreement.

20. Plaintiffs job duties and responsibilities included, but were not limited to, soliciting Medicare Advantage Plans to the general public on behalf of Superior.

21. Superior exercised substantial control over Plaintiffs' job duties and responsibilities including, but limited to, defining the geographic areas in which Plaintiffs could work, defining the targeted customer base, limiting the authority that Plaintiffs could exercise over potential customers, imposing training requirements and service of customers, restricted the use of approved marketing materials, imposing record-keeping responsibilities, requiring minimum insurance coverage, and forced Plaintiffs to provide indemnification.

22. Because Plaintiffs job often required that they talk to and meet with customers during and after the regular work day, Plaintiffs frequently worked numerous hours well in excess of forty (40) hours per week.

23. Despite the heavy workload and excessive overtime hours that Plaintiffs worked,

---

[2] See Exhibit 2, Employed Sales Rep and Exclusive Independent Sales Agent Agreement between Silva and Superior, dated November 30, 2012, which is incorporated by reference into this Complaint as if fully set forth herein.

[3] See Exhibit 3, Employed Sales Rep and Exclusive Independent Sales Agent Agreement between R. Martinez and Superior, dated November 30, 2012, which is incorporated by reference into this Complaint as if fully set forth herein.

Defendants did not keep or maintain any time records, time sheets, punch cards, or other documents verifying the hours Plaintiffs worked.

24. During the relevant time period, Defendants prohibited Plaintiffs from working for other employers, imposed strict confidentiality upon Plaintiffs regarding their employment terms and conditions, and imposed strict confidentiality on their work product.

25. During the relevant time period, Defendants treated Plaintiffs as a *de jure* independent contractors.

26. During the relevant time period, Plaintiffs were, as a matter of economic reality, *de facto* employees entitled to the protections afforded by the Fair Labor Standards Act including minimum and overtime wage compensation.

## IV.
## - COUNT ONE -
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

27. The Fair Labor Standards Act ("FLSA") provides, *inter alia*, that all employees are entitled to a minimum wage for the first forty hours worked in a workweek. The FLSA also provides that all employees are entitled to overtime pay, at a rate not less than one-half times the regular rate, for all hours worked in excess of forty hours in a workweek.

28. Although Defendants ostensibly contracted with Plaintiffs as "independent contractors," they were, as a matter of economic reality, *bona fide* employees entitled to the full protections of the FLSA, including overtime compensation for all hours worked in excess of forty in a given workweek.

29. Defendants did not employ Plaintiffs in a *bona fide* executive, professional, or administrative capacity.

30. During the relevant time period, Defendants did not pay all regular wages due and owing to Plaintiffs, in violation of the FLSA.

31. During the relevant time period, Defendants did not pay all overtime wages due and owing to Plaintiffs, in violation of the FLSA.

32. During the relevant time period, Defendants failed to make, keep and preserve records documenting Plaintiffs' hours worked and wages due.

33. Defendants' failure to pay Plaintiffs was a willful and intentional violation of the FLSA.

34. Defendants' willful and intentional violations constituted "continuing violations" of the FLSA.

35. Plaintiffs request that the Court assess liquidated damages in an amount equal to the regular and overtime wages due and owing by Defendants to Plaintiffs.

36. Plaintiffs were compelled to employ the undersigned attorneys to prosecute their claims to judgment, and have agreed to pay the undersigned attorneys a reasonable and necessary fee for legal representation in the trial of this cause and any appeal which may become necessary. Accordingly, Plaintiffs seek to recover reasonable and necessary attorney's fees and taxable costs of court.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS EUGENE MARTINEZ, DAVID SILVA, MARIO OLIVAREZ, RUBY MARTINEZ, and SYLVIA TREVINO, pray that, upon final trial on the merits, they recover judgment against DEFENDANTS SUPERIOR HEALTHPLAN, INC. and CENTENE CORPORATION, said judgment entitling Plaintiffs to:

1. Compensation for all damages suffered by Plaintiffs, including, but not limited to, unpaid regular and overtime wages, and other compensation to be determined

       upon inquest;

2. Liquidated damages to be determined upon inquest;

3. Reasonable and necessary attorney's fees;

4. Taxable costs of court;

5. Pre-judgment and post-judgment interest at the maximum rate permitted by law;

6. All taxable costs of court expended in this lawsuit; and

7. Such other and further relief, either at law or equity, to which Plaintiffs may be justly entitled.

PLAINTIFFS HEREBY REQUEST TRIAL BY JURY.

                Respectfully submitted,

                SÁNCHEZ & WILSON, P.L.L.C.
                MARK ANTHONY SÁNCHEZ, ESQ.
                6243 IH 10 West, Suite 1025
                San Antonio, Texas 78201
                (210) 222-8899
                (210) 222-9526 (Telecopier)
                ATTORNEYS FOR PLAINTIFFS

                By: /s/ Mark Anthony Sánchez
                    MARK ANTHONY SÁNCHEZ, ESQ.
                    TEXAS STATE BAR NO. 00795857

And

                LAW OFFICE OF ARIC J. GARZA, PLLC
                ARIC J. GARZA, ESQ.
                1115 East Travis Street, Suite 1039
                San Antonio, Texas 78205
                (210) 225-2961
                (210) 225-2962 (Telecopier)
                ATTORNEYS FOR PLAINTIFFS

                By: /s/ Aric J. Garza
                    ARIC J. GARZA, ESQ.
                    TEXAS STATE BAR NO. 50511848