# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EUGENE MARTINEZ, ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-870-XR |
| | § | |
| SUPERIOR HEALTHPLAN, INC. and | § | |
| CENTENE CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this day came on to be considered Defendant's motion to dismiss (Dkt. no. 38) and Plaintiff's motion to dismiss counterclaim (Dkt. no. 44).

### Defendant's motion to dismiss ERISA and COBRA claims

"Nothing in ERISA requires employers to establish employee benefits plans…. An action for benefits under an ERISA plan may be brought only by a participant in or beneficiary of an ERISA plan… A plaintiff must satisfy two requirements to establish participant status. First, the plaintiff must be a common law employee. Second, the plaintiff must be, 'according to the language of the plan itself, eligible to receive a benefit under the plan." *Bauer v. Summit Bancorp*, 325 F.3d 155, 159 (3d Cir. 2003) (internal citations omitted). Plaintiffs in this case argue that even though they signed agreements acknowledging an independent contractor status, they were improperly classified as independent contractors and are common law employees eligible to participate in the employer's ERISA plans.

Defendants in their motion to dismiss argue that Plaintiffs are overlooking the second *Bauer* requirement. Essentially, Defendants argue that assuming arguendo the plaintiffs are indeed common law employees, the Summary Plan Description in this case states that individuals who signed independent contractor agreements are not eligible "even if you are later adjudicated to be a common law employee."

The Court agrees with the Defendants' interpretation. As stated by the Court in *Puga v. Williamson-Dickie Mfg. Co.*, the "dispositive question … [is] not whether the claimants were employees but whether, considering them as employees, they were eligible to participate in an ERISA plan according to the specific terms of the plan under consideration." No. 4:09-CV-335-A, 2009 WL 3363823, at *5 (N.D. Tex. Oct. 16, 2009).

Employers are limited by ERISA on who they may exclude, but the limitations are narrow. *See* 29 U.S.C. § 1052(a) (age or length of service). In this Plan the employer excluded individuals who may even later be determined to be common law employees. Although this may appear unfair, ERISA allows this practice. *See e.g. Martin v. Pub. Serv. Elec. & Gas Co.*, No. CIV A 05-5801 DMC, 2006 WL 3491063, at *1 (D.N.J. Dec. 4, 2006), *aff'd on other grounds*, 271 F. App'x 258 (3d Cir. 2008); *Kalksma v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. CIV. 10-2829 DRD, 2011 WL 3703471, at *5 (D.N.J. Aug. 22, 2011).

"ERISA does not require [an employer] to define its benefits plans in such a way as to provide coverage for all employees…. [A]n employee may be a common law employee for some purposes, yet not entitled to benefits under a benefit plan." *MacLachlan v. ExxonMobil Corp.*, 350 F.3d 472, 482 (5th Cir. 2003).

Defendant's motion to dismiss the ERISA and COBRA claims is granted (Dkt. No. 38).

**Plaintiffs' motion to dismiss**

Defendant Superior Healthplan has brought a counterclaim alleging that Plaintiffs Martinez and Silva were overpaid commissions of $8,000 and $2,250 respectively. Superior alleges that "[a]ach of them received their final commission payout twice due to a simple mistake on the part of Superior" and "[t]he overpayment in equity and good conscience belongs to Defendant. Defendant seeks imposition of a constructive trust, and recoupment of such sums that belong to it." Dkt. No. 38 (Counterclaim). They also pray for recoupment of all money wrongfully obtained or possessed by Plaintiffs.

Plaintiffs in their motion to dismiss under Rule 12(b)(6) argue that Defendant has failed to articulate its claims with specific factual allegations.

Although the Defendant did not use the phrases "claim for money had and received" or "unjust enrichment," it is clear from its counterclaim that it is asserting such a claim and it does so in compliance with *Twombly/Iqbal*. *See Hunter v. PriceKubecka*, PLLC, 339 S.W.3d 795, 807 (Tex. App.--Dallas 2011, no pet.) ("To recover on a claim for money had and received, a plaintiff must show that the defendant holds money that in equity and good conscience belongs to him. A cause of action for money had and received is not based on wrongdoing, but, instead, 'looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another.' In short, it is an equitable doctrine applied to prevent unjust enrichment.").

Plaintiffs' motion to dismiss (Dkt. No. 44) is denied.

## Conclusion

Defendant's motion to dismiss the ERISA and COBRA claims is granted (Dkt. No.

38). Plaintiffs' motion to dismiss (Dkt. No. 44) is denied.  Plaintiffs' FLSA claims remain.

It is so ORDERED.

SIGNED this 23rd day of January, 2018.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE